RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE  6/11/07
       GL

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| UNITED STATES OF AMERICA | CRIMINAL ACTION 03-60032 |
|---|---|
| VERSUS | CHIEF JUDGE HAIK |
| MICHAEL PRINCE | MAGISTRATE JUDGE HILL |

## PRELIMINARY ORDER OF FORFEITURE

Before the Court is a Motion for Preliminary Order of Forfeiture (Doc. #85) filed by the United States. In Count 2 of the Indictment, the government sought forfeiture, pursuant to 18 U.S.C. section 982(a)(7), of all property, real or personal, that constitutes or is derived, directly or indirectly, from the gross proceeds traceable to the Health Care Fraud violation charged in Count 1 of the Indictment. At the conclusion of a six day trial, a jury found the defendant Guilty on Count 1.

After thorough consideration of the issue, including the defendant's arguments as set forth in his Memorandum in Opposition to Preliminary Order of Forfeiture, the Court hereby finds the United States is entitled to the Preliminary Order of Forfeiture pursuant to 18 U.S.C. section 982(a)(7) and Rule 32.2(b)(2) of the Federal Rules of Civil Procedure.

As such, it is hereby **ORDERED, ADJUDGED, and DECREED**:

1. That the defendant, Michael Prince, hereby forfeit to the United States, subject to the provisions of 18 U.S.C. section 982(b)(1) and 21 U.S.C. section 853(n), the gross proceeds traceable to the offense of conviction, Count 1. Those gross proceeds total **FIVE HUNDRED EIGHTY-FOUR THOUSAND SEVEN HUNDRED AND TEN DOLLARS and FORTY**

ONE CENTS ($584,710.41).

2. Pursuant to the F.R.Crim.P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant and shall be made part of the sentence and included in an Amended Judgment.

3. That, pursuant to 18 U.S.C. section 982(b)(1) and 21 U.S.C. section 853(n), the Untied States Marshal shall publish once for three successive weeks in a newspaper of general circulation, notice of this Order; notice of the Marshal's intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the defendant, having or claiming a legal interest in the forfeited property must file a petition with this Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicated the validity of the petitioner's alleged interest in the forfeited property; shall be signed by the petitioner under penalty of perjury; and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property; and any additional facts supporting the petitioner's claim and the relief sought.

The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Order of forfeiture, as a substitute for published notice as to those persons so notified.

That, upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 18 U.S.C. section 982(b)(1) and 21 U.S.C. section 853(n), in which all interests will be addressed.

**THUS DONE AND SIGNED** on this the \_\_\_11th\_\_\_ day of June, 2007.

*/s/ Richard T. Haik*

**CHIEF JUDGE RICHARD T. HAIK, SR.**
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**